**E-Filed 5/5/2009**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WILLIAM ALEXANDER WILSON, III, et al., <br><br> Defendants. | Case Number C 09-00256 JF (HRL) <br><br> ORDER[1] DENYING MOTION TO DISMISS <br><br> Re: Docket No. 10 |

Defendants William Alexander Wilson, III ("William"), Kenneth M. Wilson ("Kenneth"), William A. Wilson, III, Living Trust ("William Living Trust"), and the Kenneth M. Wilson and Fernanda M. Wilson Living Trust ("Kenneth and Fernanda Living Trust") (collectively "Defendants") move to dismiss the instant case for failure to state a claim upon which relief may be granted. The Court has read and considered the moving papers.[2] For the reasons set forth below, the motion will be denied.

---

[1] This disposition is not designated for publication in the official reports

[2] Counsel for Defendants did not appear at the hearing on April 10, 2009. The Court submitted the matter without oral argument.

# I. BACKGROUND

On October 12, 2006, Wilson's Jewel Bakery, Inc. ("the Bakery") closed its business and permanently ceased operations. On August 8, 2008, the Bakery filed for Chapter 7 bankruptcy protection. On September 10, 2008, the trustee filed a "no asset" report.

On January 21, 2009, Plaintiff Bakery and Confectionary Union and Industry International Pension Fund ("Pension Fund") filed the instant action against Defendants.[3] The Pension Fund asserts that it is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Pension Fund claims that William and Kenneth own in equal shares the common stock of the Bakery, and that William's fifty percent interest in the Bakery is held in the William Living Trust and Kenneth's fifty percent interest is held in the Kenneth and Fernanda Living Trust. The Pension Fund further claims that from 1988 to 2008, William and Kenneth also owned, as tenants in common, the building in which the Bakery did business, and that William's fifty percent interest in the property is held in the William Living Trust and Kenneth's fifty percent interest is held in the Kenneth and Fernanda Living Trust. The Pension Fund alleges that the Bakery withdrew from participation in the Pension Fund when it ceased operations, and that the Bakery and all trades or businesses under common control with it (whether or not incorporated) are jointly and severally liable for withdrawal liability under the Agreement and Declaration of Trust and Sections 4001 (b)(1) and 4201(a) of ERISA, 29 U.S.C. §§ 1301(b), 1381(a). The Pension Fund also alleges that the rental of the property to the Bakery constitutes an unincorporated leasing business under common control with the Bakery as defined by ERISA, 4001(b)(1), 29 U.S.C. § 1301 (b)(1). The Pension Fund seeks to establish Defendants' withdrawal liability in the amount of $338,850. On February 17, 2009, Defendants filed the instant motion to dismiss.

---

[3]The Pension Fund also filed a complaint against Wilson's Jewel Bakery, Inc., captioned *Bakery and Confectionary Union & Industry International Pension Fund et al v. Wilson's Jewel Bakery, Inc.*, Case No. C-08-03000 JF (HRL).

## II.  DISCUSSION

**A.  Legal Standard**

"Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center*, 521 F.3d 1097, 1104 (9th Cir. 2008).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007) (internal citations omitted).  For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

Defendants argue that the instant action should be dismissed because: 1) no common control exists where the living trusts passively hold shares in the Bakery and the leasing business does not make decisions regarding operations of the Bakery; 2) the leasing business did not contract separately with the Pension Fund; and 3) the facts do not support piercing the corporate veil. Defendants also contend that the claims against William and Kenneth should be dismissed because all of the interests of the Bakery and the leasing business were held by the living trust. Reply Mot. at 3:17-18.

**B.  Common Control**

"The Multiemployer Pension Plan Amendments Act of 1980 (MPPAA), 29 U.S.C. §§ 1381-1453 (1988), amended ERISA to include mandatory liability on employers withdrawing from established pension plans." *CMSH Co., Inc. v. Carpenters Trust Fund for Northern California*, 963 F.2d 238, 239 (9th Cir. 1992).  The MPPAA applies to businesses under common control.  *See* 29 U.S.C.A. § 1301(b)(1) ("[A]ll employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades or businesses as a single employer.").  Businesses under common control include "brother-sister" groups of trades or businesses defined as:

> two or more organizations conducting trades or businesses if (i) the same five or fewer persons who are individuals, estates, or trusts own (directly and with the application of § 1.414(c)-4) a controlling interest in each organization, and (ii) taking into account the ownership of each such person only to the extent such ownership is identical with respect to each such organization, such persons are in effective control of each organization. The five or fewer persons whose ownership is considered for purposes of the controlling interest requirement for each organization must be the same persons whose ownership is considered for purposes of the effective control requirement.

26 C.F.R. § 1.414(c)-2(c)(1).

Defendants argue that there is no common control because there is no common control center with the ultimate power to make binding decisions for all of the units of the enterprise. Def. Mot. at 5:2-3. However, "[ERISA] does not distinguish between active and passive investments." *Bd. of Trustees, W. Conference Teamsters Pension Trust Fund v. Lafrenz*, 837 F.2d 892, 895 (9th Cir. 1988). The living trusts together own the entirety of the Bakery and the leasing business. Accordingly, the Pension Fund has alleged adequately that the Bakery and the leasing business are under common control.

**C. Separate Contract**

Citing *Refined Sugars, Inc. v. Local 807 Labor-Management Pension Fund*, 632 F. Supp 630 (S.D. N.Y. 1986), Defendants contend that a party not contracting with the Union cannot have withdrawal liability. Def. Mot. at 7:3. In *Refined Sugars, Inc.*, the plaintiff was a refiner of cane sugar and contracted with Francrete Corporation, an independent trucking company, to operate and maintain plaintiff's fleet of trucks. *Refined Sugars, Inc.*, 632 F. Supp at 631. Francrete negotiated with the defendant regarding the various labor agreements that would govern relations between them, and Francrete directly employed the drivers and made contributions to the pension fund. Francrete eventually purchased the plaintiff's fleet of trucks and continued to serve the plaintiff and employ union drivers after the purchase. In a subsequent action for declaratory relief, the court held that Refined Sugars was not subject to the withdrawal liability because there was *no common ownership* between Francrete and Refined Sugars, and that Refined Sugars was neither the direct employer nor part of a single employer as defined by Title IV. *Id*. at 632 (emphasis original). As discussed above, the Bakery and the leasing business do have a common ownership and thus may be treated as "a single employer." 29 U.S.C.A. §

1301(b)(1).  Accordingly, the Court concludes that the leasing business may be subject to withdrawal liability despite not having a separate contract with the Pension Fund.

**D. Piercing The Corporate Veil**

Defendants argue that the Pension Fund has not pled sufficient facts to pierce the corporate veil in order to hold corporate officers liable, and that even if the corporate veil could be pierced, the instant claim belongs to the bankruptcy estate of the Bakery.  *See* Def. Mot at 9-14.  However, "[Defendants'] liability for the withdrawal liability of the [business] does not derive from their status as shareholders of the [business]. Rather they are liable because of their status as the sole proprietors of an unincorporated trade or business under their common control." *Lafrenz*, 837 F.2d 895.

**E. Dismissal of Defendants William and Kenneth**

Finally, Defendants contend that the claims against defendants William and Kenneth should be dismissed because all personal interests in the Bakery and the leasing business were held by the living trusts.  Reply Mot. at 3:17-18.  "The point of section 1301(b)(1) is simply to prevent the controlling group of a company from avoiding withdrawal liability by shifting corporate assets into other business ventures under its control." *Lafrenz*, 837 F.2d 894. (citing *Bd. of Trustees of Western Conference of Teamsters Pension Trust Fund v. H.F. Johnson, Inc.*, 830 F.2d 1009, 1013 (9th Cir. 1987)).  Dismissal of William and Kenneth simply because they have placed their personal assets in living trusts would permit end-run around the protection afforded to employees under ERISA.

### III. ORDER

For the reasons discussed above, the motion to dismiss is DENIED.  Defendants shall file their answer within twenty (20) days of the date this order is filed.

**IT IS SO ORDERED.**

DATED: 5/4/09

_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2  C. Laine Lucas     laine@bindermalter.com

3  George Martin Kraw     gkraw@kraw.com

4  Katherine Ann McDonough     kmcdonough@kraw.com

Case No. CV 09-00256 JF (HRL)
ORDER DENYING MOTION TO DISMISS
(JFEX1)