**E-Filed 5/13/2009**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>WILLIAM ALEXANDER WILSON, III, et al.,<br><br>Defendants. | Case Number C 09-00256 JF (HRL)<br><br>**ORDER[1] GRANTING MOTION TO COMPEL INTERIM PAYMENTS**<br><br>Re: Docket No. 13 |

Plaintiff Bakery and Confectionary Union and Industry International Pension Fund ("Pension Fund") moves to compel interim payment of withdrawal liability from Defendants William, Kenneth, the William Living Trust, and the Kenneth and Fernanda Living Trust. The Pension fund also seeks liquidated damages, interest, attorney's fees, and costs. At a hearing on May 1, 2009, the Court indicated that it would grant the request to compel interim payments but deny the request for liquidated damages, interest, attorney's fees, and costs. However, upon further review of the record, the Court concludes that it is appropriate to grant liquidated damages, interest, attorney's fees, and costs**.** Accordingly, for reasons discussed below, the motion will be granted.

[1]This disposition is not designated for publication in the official reports

## I. BACKGROUND

On October 12, 2006, Wilson's Jewel Bakery, Inc. ("the Bakery") closed its business and permanently ceased operations. On August 8, 2008, the Bakery filed for Chapter 7 bankruptcy protection. On September 10, 2008, the trustee filed a "no asset" report.

On January 21, 2009, the Pension Fund filed the instant action against Defendants.[2] The Pension Fund asserts that it is a trust fund established and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Pension Fund claims that William and Kenneth own in equal shares the common stock of the Bakery, and that William's fifty percent interest in the Bakery is held in the William Living Trust and Kenneth's fifty percent interest is held in the Kenneth and Fernanda Living Trust. The Pension Fund further claims that from 1988 to 2008, William and Kenneth also owned, as tenants in common, the building in which the Bakery did business, and that William's fifty percent interest in the property is held in the William Living Trust and Kenneth's fifty percent interest is held in the Kenneth and Fernanda Living Trust. The Pension Fund alleges that the Bakery withdrew from participation in the Pension Fund when it ceased operations, and that the Bakery and all trades or businesses under common control with it (whether or not incorporated) are jointly and severally liable for withdrawal liability under the Agreement and Declaration of Trust and Sections 4001 (b)(1) and 4201(a) of ERISA, 29 U.S.C. §§ 1301(b), 1381(a). The Pension Fund alleges that the rental of the property to the Bakery constitutes an unincorporated leasing business under common control with the Bakery as defined by ERISA, 4001(b)(1), 29 U.S.C. § 1301 (b)(1). The Pension Fund claims that the Bakery's withdrawal liability is $338,850. The Pension Fund alleges that on November 2, 2006, it notified the Bakery of the withdrawal liability and demanded monthly payment of $4,738 in accordance with a schedule of payments set by the Pension Fund. On March 18, 2009, the Pension Fund filed the instant motion to compel interim payments from Defendants. The Pension Fund also seeks liquidated

---

[2] The Pension Fund also filed a complaint against Wilson's Jewel Bakery, Inc., captioned *Bakery and Confectionery Union & Industry International Pension Fund et al v. Wilson's Jewel Bakery, Inc.*, Case No. C-08-03000 JF (HRL).

damages in the amount of $13,266.00,[3] interest in the amount of $9,476.00,[4] attorney's fees, and costs.

## II. DISCUSSION

### A. Legal Standard

Under ERISA, upon receipt of the trustees' schedule and payment demand, the employer may invoke a dispute-resolution procedure that involves reconsideration by the trustees and, ultimately, arbitration. *See Bd. of Trustees of W. Conf. of Teamsters Pension Trust Fund v. Thompson Building Materials, Inc.*, 749 F.2d 1396, fn. 4 (9th Cir. 1984) (citing 29 U.S.C. § 1401(a)(1)(B); 29 U.S.C. § 1401(b)(1)). However, "[t]he employer must make payments within 60 days of the pension plan's demand, regardless of the pendency of arbitration." *Lads Trucking Co. v. Bd. of Trustees of W. Conf. of Teamsters Pension Fund*, 777 F.2d 1371, 1374 (9th Cir. 1985) (citing 29 U.S.C. § 1399(c)(2))

Defendants argue that no interim payments should be ordered because: 1) there is no common control between the Bakery and the leasing business; 2) the leasing business is not a "trade or business" under ERISA; 3) the Pension Fund did not follow the procedure for notice, payment and collection of withdrawal liability set forth under ERISA.[5]

### B. Common Control

Defendants' argument that there is no common control between the Bakery and the leasing business was considered and rejected by the Court in its order denying Defendants' motion to dismiss. *See* Order Denying Mot. To Dismiss, Dkt. 22 ("Accordingly, the Pension Fund has alleged adequately that the Bakery and the leasing business are under common

---

[3]The Pension Fund assesses liquidated damages at a rate of 10%. Brock Decl. ¶ 9, Exh. D.

[4]Interest is assessed by the Pension Fund at a variable rate and accrues from the date of each missed installment payment. Brock Decl. ¶ 10, Exh. E.

[5] Defendants set forth various statutes and case citations but do not offer any factual arguments beyond a single conclusory statement. *See* Opp. Mot. at 8:23-24 ("However, because these Plaintiffs have not set forth in full their basis for acceleration of the payments due under the Plan, no interim payments should be ordered.").

control.").

**C. Trade or Business**

Under 29 U.S.C.§ 1301(b), "all employees of trades or businesses (whether or not incorporated) which are under common control shall be treated as employed by a single employer and all such trades and businesses as a single employer." Citing *Groetzinger v. Commissioner*, 480 U.S. 23 (1987), Defendants appear to argue that the leasing business is not a trade or business. In *Groetzinger*, the court held that a full-time gambler who makes wagers solely for his own account is engaged in a "trade or business," within the meaning of §§ 162(a) and 62(1) of the Internal Revenue Code of 1954, as amended, 26 U.S.C. §§ 162(a) and 62(1) (1976 ed. and Supp. V). *Groetzinger*, 480 U.S. at 36. In reaching its conclusion, the court accepted the fact that to be engaged in a trade or business, the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary purpose for engaging in the activity must be for income or profit. *Id.* at 35. A sporadic activity, a hobby, or an amusement diversion does not qualify. *Id.* Here, Defendants do not explain how their involvement with the leasing business is a sporadic activity, hobby or amusement rather than a continual activity with a primary purpose of generating income and profit.

**E. Statutory Procedures**

Defendants appear to argue that the Pension Fund has not follow the statutory procedure for accelerating payments due under the Plan because "[u]nder regulations promulgated by the Pension Benefit Guaranty Corporation, an Employer's request for review and initiation of arbitration proceeding precludes the Plan from accelerating the full amount of outstanding withdrawal liability." Opp. Mot. at 8:12-15 (citing 29 C.F.R. Part 2644, Section 2644.2(c).[6] As the Defendants correctly point out, "under 29 U.S.C. Section 1399(b)(2), the [e]mployer is entitled to request review of the withdrawal liability assessment within 90 days of receipt." Opp. Mot. at 8:7-9. "[And] if the dispute remains unresolved, MPPAA further provides that the

[6]29 C.F.R. § 2644 was renumbered to 29 C.F.R. § 4219 in 1996. *See* 61 FR 34002-01 (July 1, 1996). It is unclear why Defendants cited to the older, now non-valid, regulation.

[e]mployer may 'initiate' an arbitration proceeding within 180 days after the date of the [e]mployer's request for review." *Id.* at 8:9-12 (citing 29 U.S.C. § 1401(a)(1)). However, the record indicates that on November 2, 2006, the Pension Fund did in fact notify the Bakery of its withdrawal liability and demanded monthly payments. Brock Decl. ¶ 5. On March 2, 2007, the Pension Fund notified Defendant Kenneth at his home address that if it failed to remit payments in accordance with the schedule the Bakery would default and become liable for the entire outstanding amount of withdrawal liability. Brock Decl. ¶ 6. The Bakery did not requested a review of the withdrawal liability, nor did it challenge the assessment of withdrawal liability in arbitration. Brock Decl. ¶ 8. Accordingly, the acceleration of the payments is proper.

**F. Interest, Liquidated Damages, Attorney's Fees, and Costs**

Under ERISA, failure to make an interim withdrawal liability payment is treated as delinquent pension contribution. 29 U.S.C. §1401(d). 29 U.S.C. § 1132(g)(2) states:

> In any action under [29 U.S.C. § 1132] by a fiduciary for or on behalf of a plan to enforce [delinquent contributions] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan: (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of the interest on the unpaid contributions, or liquidated damages provided for under the plan in an amount not in excess of 20 percent [of the unpaid contribution] . . ., (D) reasonable attorney's fees and costs of the action . . . .

29 U.S.C. 1132(g)(2). "Fees are mandatory in a collection action where there has been '*any* failure of the employer to make *any* withdrawal liability payments within the time prescribed.'" *Trustees of Amalgamated Ins. Fund v. Geltman Industries, Inc.*, 784 F.2d 926, 932 (9th Cir. 1986) (emphasis original) (citing *Lads Trucking v. Board of Trustees*, 777 F.2d 1371, 1373 (9th Cir.1985)). Therefore, an order to compel interim payment is a judgment in favor of the Pension Plan.

## III. ORDER

For the reasons discussed above, the instant motion is GRANTED. Judgement shall be entered in favor of the Pension Fund for withdrawal liability in the amount of $338,850, interest in the amount of $9,476.00, and liquidated damages in the amount of $13,266.00. The Pension Fund may file an application for attorneys' fees and costs within thirty (30) days of the date this order is filed.

**IT IS SO ORDERED.**

DATED: 5/12/09

JEREMY FOGEL
United States District Judge

6

Case No. CV 09-00256 JF (HRL)
ORDER COMPELLING INTERIM PAYMENTS
(JFEX1)

This Order was served on the following persons:

C. Laine Lucas laine@bindermalter.com

George Martin Kraw gkraw@kraw.com

Katherine Ann McDonough kmcdonough@kraw.com

7

Case No. CV 09-00256 JF (HRL)
ORDER COMPELLING INTERIM PAYMENTS
(JFEX1)