Katherine McDonough (California Bar No. 241426)
Kraw and Kraw
605 Ellis Street, Suite 200
Mountain View, California 94043
Telephone: 650-314-7800
Facsimile:  650-314-7899
kmcdonough@kraw.com

\*\*E-Filed 9/1/2009\*\*

Counsel for Plaintiff/Judgment Creditor:
Bakery and Confectionery Union and Industry International Pension Fund
Board of Trustees, Bakery and Confectionery Union and Industry International Pension Fund

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

BAKERY AND CONFECTIONERY UNION AND INDUSTRY INTERNATIONAL PENSION FUND, et al.

    Plaintiffs/Judgment Creditor,

vs.

WILLIAM ALEXANDER WILSON, III, et al.

    Defendants/Judgment Debtors.

Case No.: C09-00256-JF

**STIPULATION AND ~~PROPOSED~~ ORDER RESTRAINING AND ENJOINING DEFENDANTS FROM SELLING OR ENCUMBERING PROMISSORY NOTE**

    Plaintiffs and Judgment Creditors Bakery and Confectionery Union and Industry International Pension Fund ("Pension Fund") and the Defendants and Judgment Debtors William Alexander Wilson, III, Kenneth M. Wilson and their respective living trusts have agreed to entry of an order prohibiting, enjoining and restraining the Judgment Debtors from encumbering, selling, assigning, or in any way disposing of their primary asset, a promissory note executed by Santa Barbara Equities, a general partnership, on July 30, 2008 (Title No. 08-98203909-MC) and a deed of trust on their former property at 1285 Homestead Road, Santa Clara California, 95050.

    In support of an entry of an order, the parties state as follows:

**Restraining Order**
Case No.: C09-00256-JF

1

1    On May 13, 2009 this Court ordered judgment in favor of the Plaintiffs in the
2 amount of $338,850, plus reasonable attorney's fees, costs, liquidated damages in the
3 amount of $13,266, and interest in the amount of $9.476.00.  An application for attorney
4 fees and costs is still pending before the Court.  That judgment remains unsatisfied, but
5 the parties are currently negotiating the payment of the judgment.
6    The judgment debtors herein, Kenneth Wilson, William Alexander Wilson, III,
7 ("Kenneth" and "William") and their respective living trusts owned the building from
8 which Wilson's Jewel Bakery, Inc. did business. In July 2008, Kenneth and William sold
9 that building to Santa Barbara Equities, a general partnership.  In exchange for the sale of
10 their building, the judgment debtors received from the buyer a promissory note for $ 2.4
11 million payable over 15 years with monthly payments of $11,000 for the first ten years
12 and monthly payments of $16,000 for years eleven through fifteen.  The promissory note
13 is secured by a deed of trust against the building at 1285 Homestead Road, Santa Clara,
14 California 95050.  In order that the Pension Fund's rights as a judgment creditor be
15 protected, the parties have agreed that the judgment debtors will not transfer, sell,
16 encumber or assign the promissory note, or the deed of trust on the 1285 Homestead
17 Road property, unless the Pension Fund agrees in writing or the judgment debtors receive
18 prior authorization from this Court or a bankruptcy court.
19    A district court has authority to enforce its money judgment in accordance with
20 the procedures of the state in which it sits. Fed. R. Civ. P. 69.  Under California law, all
21 property of the judgment debtor is subject to enforcement of a money judgment,
22 including an instrument, such as a promissory note, and any rights to payment thereunder.
23 California Code of Civil Procedure 695.010; 700.110.
24    WHEREFORE, the Parties respectfully request entry of an order restraining and
25 enjoining the judgment debtors' interest in the promissory note and deed of trust
26 described herein.
27
28

**Restraining Order**
Case No.: C09-00256-JF

2

| | | |
|---|---|---|
| 1 | **Dated: August 28, 2009** | **KRAW & KRAW** |
| 2 | | |
| 3 | | **/s/ Katherine McDonough** |
| | | **Katherine McDonough** |
| 4 | | **Counsel for the Plaintiffs/** |
| | | **Judgment Creditors** |
| 5 | | |
| 6 | **Dated: August 28, 2009** | **BINDER & MALTER** |
| 7 | | |
| 8 | | **/s/ Heinz Binder** |
| | | **Heinz Binder** |
| 9 | | **Counsel for the Defendants/** |
| | | **Judgment Debtors** |
| 10 | | |

**ORDER THEREON**

Based on the agreement of the parties and good cause appearing IT IS ORDERED that Defendants and Judgment Debtors, William A. Wilson, III, Kenneth M. Wilson, William A. Wilson, III, Living Trust, Kenneth M. Wilson and Fernanda Wilson Living Trust, are hereby prohibited, restrained, and enjoined from transferring any interest in their rights to the promissory note executed by Santa Barbara Equities on July 30, 2008 (Title No. 08-98203909-MC) (Attached hereto as Exhibit A), and the deed of trust on the property at 1285 Homestead Road Santa Clara, California, 95050, by sale, pledge, mortgage, lien, assignment, grant of security interest, or otherwise encumbering or disposing of the promissory note or deed of trust unless authorized by this Court or a bankruptcy court or agreed to in writing by the Judgment Creditor,  Bakery and Confectionery Union and Industry International Pension Fund.  This Stipulation and Order does not, in any way, restrain the Defendants from spending or disposing of payments as they are received, nor does it create a lien on the promissory note or the payments thereunder.

**Restraining Order**
Case No.: C09-00256-JF

1   FAILURE TO COMPLY WITH THIS ORDER MAY SUBJECT YOU TO BEING
2   HELD IN CONTEMPT OF COURT

Date: 8/31/2009

_____
Honorable Judge Jeremy Fogel

**Restraining Order**
Case No.: C09-00256-JF

**ECF ATTESTATION**

I, Katherine McDonough, am the ECF user whose ID and Password are being used to file this stipulation and proposed order. In compliance with General Order 45 X.B. I hereby attest that Heinz Binder, counsel for the Defendants, has concurred in this filing.

Dated:  August 28, 2009                                               /s/ Katherine McDonough

**Restraining Order**
Case No.: C09-00256-JF

# EXHIBIT A

Escrow No.: 08-**98203909**-SL
Locate No.: CACTI7743-7743-2982-0098203909
Title No.: 08-**98203909**-MC



## PROMISSORY NOTE

**$2,400,000.00**        **San Jose**, California        July 30, 2008

On or before, **(August 22, 2008 + 15 Years)**, for value received, the undersigned ("Debtor") promises to pay to

**The William A. Wilson, III Living Trust Dated May 24, 1999 and The Kenneth M. Wilson and Fernanda M. Wilson Living Trust Dated March 26, 2002** or order,

at the sum of **TWO MILLION FOUR HUNDRED THOUSAND AND 00/100** DOLLARS,

with interest from **August 22, 2008** as follows:

Years 1-10 with interest at the rate of 5.50% per annum, with monthly payments in the amount of $11,000.00

Years 11-15 with interest at the rate of 8.00% per annum, with monthly payments in the amount of $16,000.00

At the end of the fifteen (15) year term the entire unpaid principal balance, together with accrued interest, shall become immediately due and payable.

**Due on Sale:** Anything herein to the contrary notwithstanding, in the event that Debtor sells or transfers title to the property which is subject to the Deed of Trust executed of even date herewith and which secures this Note ["the Property"], or any portion thereof to a third party unrelated to Green Valley Corporation, a California Corporation, ("GVC"), then the holder of this Note may, at the holder's option, require the entire unpaid balance of said Note to be paid in full provided however that Debtor may convey its interest to GVC or any entity in which GVC maintains a controlling interest (defined as owning more than 50% of the voting power of the entity) without triggering this due on sale clause.

**Late Charge:** In the event that any payment, or any portion thereof, due hereunder is not received by the Payee within 10 days after the due date thereof, the Debtor agrees to pay to Payee, in addition to the regular monthly payment, a late charge of 6.00% of the then overdue payment.

**Prepayment:** Principal may be prepaid in whole or in part at any time without penalty, at the option of the Buyer.

**Additional Provisions:** Annually, within 2 and ½ months of Debtor's fiscal year end, Debtor will deliver to Holder, an income statement reflecting the Net Operating Income ("NOI") from the Property for the fiscal year just ended, prepared by the Certified Public Accountant who has done or is doing the Debtor's state and federal income tax returns for that fiscal year. In determining the NOI, there shall be subtracted from the Gross Income from the Property the following: Maintenance, Insurance, Real Property Taxes, Landscaping, and Management (which shall include accounting). All such expenses shall be limited to expenses incurred solely in connection with the Property, or in the event that multiple properties are managed, insured, etc, under a single umbrella contract, then a portion of the total cost for that expense shall be allocated to the Property in accordance with the allocation principles applied by Debtor among all properties to which the expense relates. Management (including accounting) shall be capped at 5% of the Gross Income from the Property for the fiscal year. Loan payments (including principal and interest), taxes other than Real Property Taxes, depreciation, capital expenditure and vacancy expenses shall not be deducted from Gross Income in arriving at NOI. At such time as the total of all debt service on loans for any fiscal year affecting the Property which were incurred in connection either with the purchase or the improvement of the Property is 70% or less of the NOI as determined for the same fiscal year, Debtor shall commence making payments of principal as well as interest. Monthly

DO NOT DESTROY THIS NOTE:  When paid, this Note and the Deed of Trust must be surrendered to Trustee for cancellation, before reconveyance will be made.

payments shall commence the month following the determination that the debt service has fallen below 70% of the NOI. The payment amounts shall be determined by calculating the monthly payments necessary to fully amortize the then outstanding principal over a period of 25 years at the then existing interest rate. At such time as the interest rate changes as provided for above, the monthly amounts will increase to reflect the amount necessary to amortize the principal amount which was due at the time of the conversion of the note from interest only to a fully amortized amount at the increased rate over a period of 25 years. The note will remain fully due and payable at the end of the original 15 year loan term.

The Purchase Money Note and Purchase Money Deed of Trust shall be on the current forms commonly used by Escrow Holder, and will not be junior or subordinate to any new or existing loan.

Principal and interest payable in lawful money of the United States of America. Should default be made in payment of interest when due the whole sum of principal and interest shall become immediately due at the option of the holder of this Note and after said breach, said obligation shall continue to accrue interest at the applicable rate at the time of default. If action be instituted on this Note the Court shall award attorney's fees and costs to the prevailing party. This Note is secured by a Deed of Trust of even date herewith.

Santa Barbara Equities, a California General Partnership

By: _____
William P. Ryan, Genaral Partner

FD-30F (Rev. 3/94)                    STRAIGHT NOTE                    Page 2 of 2
(notestrt)
DO NOT DESTROY THIS NOTE: When paid, this Note and the Deed of Trust must be
surrendered to Trustee for cancellation, before reconveyance will be made.